UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CASE NO.: 1:22-cv-00187

ALEXANDER BAYONNE STROSS,

    Plaintiff,

v.

ALIBABA GROUP (U.S.) INC.,

    Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff ALEXANDER BAYONNE STROSS by and through undersigned counsel, brings this Complaint against Defendant ALIBABA GROUP (U.S.) INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.  Plaintiff ALEXANDER BAYONNE STROSS ("Stross") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Stross' original copyrighted Works of authorship.

2.  Stross is the owner and principal photographer of Stross Stock. After traveling the world with his camera, creating thousands of high-quality photographs, the natural next step was to offer the public means to license his Work. Each photo on Stross Stock is shot with top-quality equipment, thoughtfully produced, hand selected, and tastefully edited before being made available to the public.

3.  Stross is a native of Austin, Texas, and watched the small city grow and develop into an urban hot spot. This served as his inspiration to become a photographer, centering his

expertise on complicated architectural photography and landscape photography. In 2016, Stross was nominated and accepted as a professional member of the American Society of Media Photographers, which is a high honor. Stross received a B.S. in Computer Science at the University of Texas at Austin and has since combined his love for the photographic arts and computer science by building an online system to help protect artists' works on the internet.

4.   Defendant ALIBABA GROUP (U.S.) INC. ("Alibaba") is an online marketplace specializing in selling a variety of products. At all times relevant herein, Alibaba owned and operated the internet websites located at the URLs https://www.aliexpress.com/ and https://www.alibaba.com/ (the "Websites").

Stross alleges that Alibaba copied Stross' copyrighted Works from the internet in order to advertise, market and promote its business activities. Alibaba committed the violations alleged in connection with Alibaba's business for purposes of advertising and promoting sales to the public in the course and scope of the Alibaba's business.

## JURISDICTION AND VENUE

6.   This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7.   This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8.   Defendant is subject to personal jurisdiction in Texas.

9.   Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**DEFENDANT**

10.     Alibaba Group (U.S.) Inc. is a California Corporation, with its principal place of business at 525 Almanor Avenue, 4th Floor, Sunnyvale, CA 94085, and can be served by serving its Registered Agent, CT Corporation System, 330 N Brand Blvd, Suite #700, Glendale, CA 91203.

**THE COPYRIGHTED WORKS AT ISSUE**

The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, one of which is shown below, and which are referred to herein as the "Works." Copies of the Works are attached hereto as Exhibit 1. Copies of the Registration Certificates are attached hereto as Exhibit 2.

| Registration Number | Copyright Title | Registration Date |
|---|---|---|
| VAu 1-198-970 | 20140913-Skyline Full Res (9 of 40) | 01/15/2015 |
| VAu 1-198-970 | 20140714-p-skyline-04 | 01/15/2015 |
| VAu 1-198-970 | 20140913-Skyline Full Res (18 of 40) | 01/15/2015 |
| VAu 1-201-815 | 20150206-1B3A0092 | 02/10/2015 |
| VAu 1-201-815 | 20150206-1B3A0099 | 02/10/2015 |
| VAu 989-644 | Monument | 12/15/2008 |



Stross' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

13.     At all relevant times Stross was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANT

14.     Alibaba has never been licensed to use the Works at issue in this action for any purpose.

15.     On a date after the Works at issue in this action were created, but prior to the filing of this action, Alibaba copied the Works.

16.     On or about May 2, 2021, Stross discovered the unauthorized use of Works on the Websites.

17.     Alibaba copied Stross' copyrighted Works without Stross' permission.

18. After Alibaba copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its online marketplace.

19. Alibaba copied and distributed Stross' copyrighted Works in connection with Alibaba's business for purposes of advertising and promoting Alibaba's business, and in the course and scope of advertising and selling products and services.

20. Stross' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. Alibaba committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 3.

22. Stross never gave Alibaba permission or authority to copy, distribute or display the Works at issue in this case.

23. On May 3, 2021 Stross sent DMCA takedown notices to Alibaba. A true and correct copy of these takedown notices to Alibaba are attached hereto as Exhibit 4.

24. Alibaba replied with an automated message but did not comply with the DMCA takedown notices.

## COPYRIGHT INFRINGEMENT

25. Stross incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Stross owns valid copyrights in the Works at issue in this case.

27. Stross registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. Alibaba copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Stross' authorization in violation of 17 U.S.C. § 501.

29. Alibaba performed the acts alleged in the course and scope of its business activities.

30. Alibaba's acts were willful.

31. Stross has been damaged.

32. The harm caused to Stross has been irreparable.

WHEREFORE, the Plaintiff Alexander Bayonne Stross prays for judgment against the Defendant Alibaba Group (U.S.) Inc. that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff actual damages and Alibaba's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

Plaintiff be awarded attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 28, 2022   Respectfully submitted,

/s/Craig A. Wirth
JOEL B. ROTHMAN
joel.rothman@sriplaw.com
CRAIG A. WIRTH

6

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

craig.wirth@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Alexander Bayonne Stross*